COMPLAINT | 1



# In the United States District Court

## for the District of Kansas

Jonathan Clark  
6800 Maurer Road, Shawnee, Kansas, 66217,  
Eric S. Clark  
1430 Dane Ave, Williamsburg, Kansas, 66095,  
Plaintiffs  

v.  

The City of Shawnee, Kansas  
11110 Johnson Drive, Shawnee, KS 66203  
Defendant  

Civil Action No. 15-4965-SAC-KGS

## COMPLAINT

**JURISDICTION AND VENUE**

1. This is a civil action seeking relief for damages resulting from violations of plaintiffs' rights pursuant to their protection under the Constitution of the United States, including violations of the Second and Fourth Amendments for which the City of Shawnee, Kansas ("City") is liable under 42 U.S.C. § 1983.

2. This action arises under the Constitution of the United States; therefore, this court has jurisdiction under the Constitution of the United States, Article III, section 2 and under 28 U.S.C. section 1331. (federal question).

3. The amount in controversy exceeds the dollar amount contained in 28 USC 1332.

4. Venue is proper under 28 U.S.C. section 1391 in that the causes of action arose in the District of Kansas and for all times pertinent to this complaint, all defendants and all plaintiffs were domiciled in the State of Kansas.

5. Plaintiffs, Eric S. Clark("Uncle Eric") and Jonathan Clark("Jonathan"), state as follows:

6. On information and belief, Defendant, the City is a corporation with its primary business location in Kansas.

7. On information and belief, the City is a municipal corporation and political subdivision of the State of Kansas located in Johnson County, Kansas and process may be served on Stephen Powell, City Clerk at 11110 Johnson Drive, Shawnee, KS 66203

8. On December 2, 2013, Jonathan was traveling on Shawnee Mission Parkway which is a major thoroughfare which runs through the City of Shawnee, Kansas.

9. The portion of Shawnee Mission Parkway on which Jonathan traveled and was subsequently charged with violations was a portion which was a divided highway and a single lane exit ramp of a modified clover leaf which becomes a single lane entrance ramp onto an Interstate Highway (I-435).

10. Shawnee Mission Parkway is a public highway which is open to all of the public for uninhibited lawful travel and had a minimum of two traffic lanes in each direction.

11. Interstate 435 is a divided public highway which is open to all of the public for uninhibited lawful travel and had a minimum of three traffic lanes in each direction.

12. While traveling, Jonathan's loaded firearms were in his immediate control available for immediate self defense.

13. Police Officer Nathan Karlin ("Officer Karlin") initiated a traffic stop seizure of Jonathan on the exit ramp of Shawnee Mission Parkway within the City of Shawnee, Kansas for alleged traffic infractions.

14. That stop was initiated without particularized reasonable suspicion for each of the infractions charged.

15. During the traffic stop, after viewing a firearm, Officer Karlin while in the employ of the City and **acting pursuant to the policies of the City**:

    i)   held Jonathan at gun point

    ii)  placed Jonathan in handcuffs

    iii) placed Jonathan into the back seat of a patrol car

    iv)  searched Jonathan's automobile without a warrant or Jonathan's consent

    v)   charged Jonathan with violation of ordinance 9.13.040 of the City

    vi)  **confiscated Jonathan's firearms**

    vii) **released Jonathan on the side of the highway without any firearms**

16. The traffic stop seizure of Jonathan was prolonged substantially because of actions related to Jonathan's alleged unlawful possession of a firearm which was not a reason for the initial stop.

17. Between December 2, 2013 and at least until August 24, 2014, Ordinance 9.13.040 of the City ("City's regulation") stated in pertinent part:

    (Note: complete language of ordinance 9.13.040 is in the Appendix)

    "9.13.040 Criminal Possession of a Firearm.

    A. Criminal Possession of a Firearm is an unlawful act that is prohibited within the City. Criminal Possession of a Firearm is:

    . . .

    4. Transporting a Firearm in any air, land, or water vehicle, unless the Firearm is unloaded and encased in a container which completely encloses the Firearm."

18. The City's regulation was effectively a complete prohibition of the carrying of loaded lawful firearms on public property (ie., the highways within the City of Shawnee, Kansas).

19. The act of carrying an unloaded firearm is not a manner of carrying a loaded firearm.

20. On December 2, 2013, the City could only regulate the manner of carrying a loaded firearm.

21. On December 2, 2013, Officer Karlin first approached Jonathan while Jonathan was out of, and near behind, Jonathan's truck.

22. Under State law and the City's regulation, on December 2, 2013, when Officer Karlin first approached Jonathan, it was lawful for Jonathan to carry a loaded firearm in his hand **outside of his truck** as there was no restriction by the City's regulation concerning a loaded firearm which was NOT being transported in any air, land, or water vehicle.

23. Prior to December 2, 2013, the City's regulation had been pre-empted by State law; however, the City continued to enforce it's regulation.

24. An ordinance to repeal the City's regulation was passed by the governing body of the City on August 25, 2014.

25. On December 2, 2013, pursuant to the policies of the City, Officer Karlin believed that Jonathan was in violation of the City's regulation when he saw a handgun that was not enclosed in a container.

26. On one or more occasions between December 2, 2013 and August 24, 2014, Uncle Eric carried loaded firearms within reach in his automobiles, including

motorcycles, that were not enclosed in any container, for his immediate self defense when traveling to visit Jonathan and; therefore, faced potential threat of assault and arrest by officers of the City.

27. On one or more occasions between December 2, 2013 and August 24, 2014, Uncle Eric purposefully omitted carrying firearms which were not unloaded and completely enclosed in a container within his automobiles, including motorcycles, when traveling to visit Jonathan at times when Uncle Eric did not believe he was prepared to face the potential threat of assault and arrest by officers of the City.

28. The transporting of loaded firearms is an activity for which the public has engaged in from before the formation of the State of Kansas.

29. The Second Amendment and Fourth Amendment of the Constitution of the United States is to be enforced in full effect against the States.

30. The protected right to keep and bear arms is a fundamental right.

31. A State statute can permit the enactment of unconstitutional enactments by cities and counties, but that does not validate the constitutionality of such enactments.

32. The act of transporting a lawful firearm in a place which is open to all of the public does not negate the right to have that firearm *"operable for the purpose of immediate self-defense."*

33. Requiring a lawful firearm to be unloaded while transporting can defeat the constitutionally protected purpose for which the firearm is transported, or carried.

34. An individual can be confronted while in an automobile on public highways within the City of Shawnee, Kansas.

35. An ordinance is the strongest form of a City's policies.

36. The City implemented a policy which was the moving force behind the deprivation of the constitutional Second Amendment right of Jonathan and Uncle Eric including forcible confiscation of firearms from Jonathan and of erecting a threat of arrest (prior restraint) for both Plaintiffs, Jonathan and Uncle Eric. See *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) at 694.

37. The City implemented a policy which was the moving force behind the deprivation of the constitutional Fourth Amendment right of Jonathan including the prolonging of a seizure of his person.

38. Local governments have no immunity from damages flowing from their constitutional violations, and may not assert the good faith of its agents as a defense to liability (See *Owen v. City of Independence, MO*, 445 U.S. 621 (1980); *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 699-700 (1978)) and; State laws requiring pre-suit notification prior to initiating an action against a State or its subdivisions similarly do not apply (See *Felder v. Casey*, 487 U.S. 131 (1988)).

39. The Supreme Court has held that section 1983 is best characterized as a tort action for the recovery of damages, and therefore held that the appropriate statute of limitations to be adopted is the State statute applicable to personal injury actions (See Wilson v. Garcia, 471 U.S. 261 (1985)). In Kansas, pursuant to State law, the statute of limitations applicable to personal injury actions is two years.

40. Though the pleading standard for individual capacity claims requires pleading some facts with specificity, the Supreme Court has rejected the notion that a

plaintiff must meet a heightened pleading standard to state a claim against a municipality for an unconstitutional custom or policy. (See *Leatherman v. Tarrant County*, 507 U.S. 163 (1993)) and; legal theory is not to be scrutinized at the pleading stage (See *Johnson v. City of Shelby*, 574 U. S. ____ (2014) per curium).

41. Carrying a loaded lawful firearm (available for immediate self defense) outside the home is protected under the Second Amendment. While certain **sensitive places** outside the home are open to debate as to whether the Second Amendment affords protection, because the public highways are adjacent to virtually every home, that necessarily puts the carrying of a loaded lawful firearm for self defense while on a public highway – beyond debate.

## CAUSES OF ACTION

42. COUNT I - VIOLATION OF THE SECOND AMENDMENT RIGHTS

OF Uncle Eric

A policy of the City was the proximate cause or moving force for this COUNT.

As a result of the violation of the Second Amendment right of plaintiff Uncle Eric he has suffered damages including emotional distress, mental anguish, and loss of enjoyment of life.

Paragraphs 1 through 41 are hereby restated and fully incorporated by reference.

43. COUNT II - VIOLATION OF THE SECOND AMENDMENT RIGHTS

OF Jonathan

A policy of the City was the proximate cause or moving force for this COUNT.

As a result of the violation of the Second Amendment right of plaintiff Jonathan he has suffered damages including emotional distress, mental anguish, and loss of enjoyment of life.

Paragraphs 1 through 41 are hereby restated and fully incorporated by reference.

44. COUNT III - VIOLATION OF THE FOURTH AMENDMENT RIGHTS

OF Jonathan

A policy of the City was the proximate cause or moving force for this COUNT.

As a result of the violation of the Fourth Amendment right of plaintiff Jonathan he has suffered damages including having his right to liberty violated and differed damages of expenses and court costs related to defense of the unconstitutional criminal charges resulting from the policy of the City.

Paragraphs 1 through 41 are hereby restated and fully incorporated by reference.

**RELIEF**

WHEREFORE, Plaintiff seeks relief against Defendants as follows:

1. Award relief to Plaintiffs against Defendants, as their liabilities may appear, in compensatory damages in the sum of three million dollars ($3,000,000 USD).

2. Tax costs of this action to the City and;

3. Grant such other relief as may be just and equitable.

**JURY TRIAL DEMANDED**

Respectfully submitted to the Court,

*/s/ Eric S. Clark*

Eric S. Clark, 1430 Dane Ave, Williamsburg, Kansas [66095] 785-214-8904

*/s/ Jonathan Clark*

Jonathan Clark, 6800 Maurer Road, Shawnee, Kansas [66217] 913-951-6425