IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN CLARK
and ERIC S. CLARK,
            Plaintiffs,

vs.                                                    Case No. 15-4965-SAC

THE CITY OF SHAWNEE, KANSAS,
            Defendant.

MEMORANDUM AND ORDER

The plaintiffs Jonathan Clark and Eric S. Clark appear *pro se* in filing their federal civil rights complaint for relief under 42 U.S.C. § 1983. Jonathan Clark alleges his constitutional rights under the Second and Fourth Amendment were violated on December 2, 2013, when a police officer for the defendant City of Shawnee, Kansas ("City"), conducted a traffic stop of the vehicle he was driving. The complaint alleges the stop was made without reasonable suspicion and resulted in Jonathan being held "at gun point," placed "in handcuffs," placed into the officer's car, and charged with a violation of City Ordinance 9.13.040 for "Criminal Possession of a Firearm" ("Ordinance"). (Dk. 1, p. 3). The complaint also alleges that Jonathan's vehicle was searched without a warrant or consent and that his firearms were confiscated. *Id*. The complaint states that before the City repealed its Ordinance 9.13.040 on August 25, 2014, it was enforced against Jonathan based on him having firearms in his vehicle that were loaded and not

enclosed within a container. The complaint also alleges the ordinance had posed a threat to Eric Clark, Jonathan's uncle, who occasionally transported firearms that were loaded and not encased, and the ordinance also had caused Eric to not transport weapons on some occasions. Finally, the complaint claims the City's ordinance/policy "was the moving force behind the" Second Amendment violations against Jonathan and Eric which included the "forcible confiscation of" Jonathan's firearms and the "threat of arrest (prior restraint) for both Plaintiffs." The complaint further claims that the ordinance/policy "was the moving force behind" the Fourth Amendment violation against Jonathan which included "prolonging of a seizure of his person" in the traffic stop. Id. at p. 6.

After filing its answer to the plaintiffs' complaint (Dk. 5), the City filed on the same day its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dk. 6). The City's motion argues that one or more plaintiffs lack standing to claim damages for a Second Amendment violation, that the complaint fails to state a claim upon which relief can be granted, and that Jonathan's Fourth Amendment claim is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). (Dks. 5 and 6). The plaintiffs have filed their response, (Dk. 8), to which the defendant has replied (Dk. 11).

In deciding a Rule 12(b)(6) motion, a court accepts as true "all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d

2

1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010). This duty to accept a complaint's allegations as true is tempered by the principle that "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As recently clarified by the Supreme Court, the standard under 12(b)(6) is that to withstand a motion to dismiss, "'a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face.'" *Al–Owhali v. Holder*, 687 F.3d 1236, 1239 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, "a plaintiff must offer sufficient factual allegations to 'raise a right to relief above the speculative level.'" *Kansas Penn Gaming*, 656 F.3d at 1214 (quoting *Twombly*, 550 U.S. at 555). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). It follows then that if the "complaint pleads facts that are 'merely consistent with' a defendant's liability it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. "'A claim has facial plausibility when the [pleaded] factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172,

1178 (10th Cir.2012). "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming*, 656 F.3d at 1214.

When, as here, the plaintiffs act pro se, the court construes the pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). The liberal construction of the plaintiff's complaint, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## Standing of Eric Clark for a § 1983 Claim

The complaint alleges that between December 2, 2013, the date of the traffic stop, and August 24, 2014, the date of the Ordinance's repeal, Eric Clark faced the potential threat of assault and arrest by the defendant's officers when he transported firearms that were loaded and uncased, and he also "purposely omitted carrying firearms" to avoid this same potential threat. (Dk. 1, ¶ 27). There is no allegation that Eric ever actually faced a charge or prosecution for violating the Ordinance. The complaint seeks only retrospective compensatory damages in the amount of $3,000,000. The

4

defendant seeks dismissal of Eric Clark's claim for failure to allege facts demonstrating any injury in fact, but only the possibility or fear of injury.

The question of Eric's standing involves these general considerations:

> Standing is an essential part of Article III's case-or-controversy requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). There are three elements to Article III standing: 1) injury-in-fact; 2) causation; and 3) redressability. *Essence*[*, Inc. v. City of Fed. Heights*], 285 F.3d [1272] at 1280 [(10th Cir. 2002)]. An injury-in-fact is an "'invasion of a legally protected interest' that is (a) concrete and particularized and (b) actual or imminent, i.e., not conjectural or hypothetical." *Id.*, quoting *Defenders of Wildlife*, 504 U.S. at 560, 112 S.Ct. 2130. Causation is found upon a showing that the injury is " 'fairly trace[able] to the challenged action of the defendant,' rather than some third party not before the court." *Id.*, quoting *Defenders of Wildlife*, 504 U.S. at 560, 112 S.Ct. 2130 (brackets in original). Redressability requires the plaintiff to show that it is "likely that a favorable court decision will redress the injury to the plaintiff." *Id.* "The burden to establish standing rests on the party invoking federal jurisdiction." *Id.*

*Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1255 (10th Cir. 2004). Standing is to be judged first when the action is brought, and the court's jurisdiction will depend on the plaintiff maintaining standing throughout the litigation. *Lippoldt v. Cole*, 468 F.3d 1204, 1216 (10th Cir. 2006). When the question of standing is raised in a motion to dismiss, the court takes this approach:

> When evaluating a plaintiff's standing at the stage of a motion to dismiss on the pleadings, "both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). "We also must construe the statements made in the affidavits in the light

5

most favorable to the petitioner." *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1089 (10th Cir. 2006) (en banc) (internal quotation marks omitted). At the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Defenders of Wildlife*, 504 U.S. at 561, 112 S.Ct. 2130 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)) (alteration in original); see also *Bennett v. Spear*, 520 U.S. 154, 168, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) (same).

*Southern Utah Wilderness Alliance v. Palma*, 707 F.3d 1143, 1152 (10th Cir. 2013) (footnote omitted).

For Eric Clark, his claim is a pre-enforcement challenge to a city criminal ordinance that has since been repealed. "The mere presence on the statute books of an unconstitutional statute, in the absence of enforcement or credible threat of enforcement, does not entitle anyone to sue, even if they allege an inhibiting effect on constitutionally protected conduct prohibited by the statute." *Winsness v. Yocom*, 433 F.3d 727, 732 (10th Cir.2006). Instead, when prospective relief against enforcement is sought, a plaintiff must show "an objectively justified fear of real consequences, which can be satisfied by showing a credible threat of prosecution or other consequences flowing from the statute's enforcement." *Id.* (quotation omitted). As one court has observed, however, a plaintiff's choice "not to carry a firearm for self-protection because of a credible threat of penalty . . . [has] established an actual injury-in-fact." *Davis v. Grimes*, 9 F. Supp. 3d

12, 24 (D. Mass. 2014); *see Ezell v. City of Chicago*, 651 F.3d 684, 695-96 (7th Cir. 2011).

In the complaint, Eric Clark alleges he did not transport his loaded firearms due to the threat of the Ordinance which had resulted in his nephew's prosecution. Nonetheless, he is not seeking prospective relief, as the Ordinance has been repealed. He seeks only monetary damages for the threat of the Ordinance being prosecuted against him during a nine-month period. In its reply brief, the defendant concedes that Eric Clark is seeking "money damages for emotional distress, mental anguish, and loss of enjoyment of life," but it argues that such "damages are not available for a violation of Second Amendment rights" and that the plaintiff's only remedy is to have the ordinance declared unconstitutional. (Dk. 11, p. 7). The defendant cites *Ezell* in support of this position. The defendant, however, is making a new argument in its reply brief. The Seventh Circuit observed that "[o]nce standing is established, the plaintiff's personal situation becomes irrelevant." 651 F.3d at 697. The court then took up the question of what remedies are available when one facially challenges the constitutionality of a firearms statute on Second Amendment grounds. The court concluded that, "Infringements of this right [to possess firearms for protection] cannot be compensated by damages." *Id.* at 699. This is a new argument made in a reply brief and, therefore, is not properly before the court. *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) ("The general rule in this

circuit is that a party waives issues and arguments raised for the first time in a reply brief." (internal quotation marks and citation omitted); *Klima Well Service, Inc. v. Hurley,* ---F. Supp. 3d---, 2015 WL 5637536, at *5 n.2 (D. Kan. Sept. 24, 2015). On its face, the complaint alleges an actual injury-in-fact for Eric Clark, and the defendant fails to present a timely and meritorious argument for dismissal based on standing.

## Second Amendment—Source of Relief

Citing *McDonald v. City of Chicago, Illinois*, 562 U.S. 742 (2010), the defendant argues it has been "made clear again" that the Second Amendment applies only to the federal government. Because the plaintiffs "assert their right to bear arms solely under the Second Amendment and because the City is not the Federal Government, they have no source of relief." (Dk. 7, p. 7). "In June of 2010, the Supreme Court held that the Second Amendment right to keep and bear arms is fully applicable to the States by virtue of the Fourteenth Amendment. *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010)." *United States v. Reese*, 627 F.3d 792, 800 n. 1 (10th Cir. 2010), *cert. denied*, 563 U.S. 990 (2011). While the plaintiffs' complaint did not explicitly cite the Fourteenth Amendment, it is entitled to a liberal construction which fairly informs the defendant of their constitutional claim here and the legal basis for their recovery. The court denies dismissal on this argument.

## Failure to State a Claim for Relief

The defendant repeats its arguments above but adds that the "Ordinance does not violate any of their rights." (Dk. 7, p. 8). The defendant argues first:

> As of December 2, 2013, the date of Jonathan's detention, state law authorized cities to regulate the transportation of firearms to include a requirement that they be unloaded and encased when transported in a motor vehicle. Thus, both the City Ordinance and state statute permit the regulation of the manner in which firearms are transported but do not prohibit their transportation.

*Id*. The defendant offered no citations in support of these statements. Citing *City of Olathe, Kansas v. McGregor*, 2014 WL 349563, 317 P.3d 149 (Table) (Kan. Ct. App. Jan. 31, 2014), *rev. denied*, (Jan. 15, 2015), the defendant does argue that this decision rejected the argument that a similar ordinance "create[d] an absolute prohibition on transporting firearms" as opposed to a lawful manner and method restriction. The defendant concludes the subject ordinance is similar to the one in *McGregor*; therefore, the plaintiff has failed to state a Second Amendment claim.

The City's motion does no more than argue the holding in *McGregor*, in which a Olathe ordinance that prohibited, "transporting any pistol, revolver or other firearm which is not unloaded and fully encased in a container which completely encloses the firearm," was constitutionally challenged as overbroad in violation of the Second Amendment for creating "an absolute prohibition on transporting a firearm." 2014 WL 349563 at *3. The Kansas Court of Appeals holding and analysis consists of these three sentences:

> McGregor's arguments lack merit. First, the ordinance does not create an absolute prohibition on transporting firearms. Rather, the language of the ordinance provides that a person may lawfully transport a firearm that is unloaded and is fully encased in a container. See O.M.C. 9.12.020A.7.

*Id.* It is true that the Ordinance in question here similarly provides that it is criminal possession of a firearm to be, "Transporting a Firearm in any air, land, or water vehicle, unless the Firearm is unloaded and encased in a container which completely encloses the Firearm." (Dk. 7-1, pp. 7-8). The defendant's original motion's analysis of this issue consists of this, "the court's rejection of McGregor's argument supports the contention that the ordinance does not violate the Second Amendment to the United States Constitution" and concludes that there is no alleged claim of a Second Amendment violation in the plaintiff's complaint. (Dk. 7, p. 9).

The court records attached to the defendant's motion shows the following. (Dk. 7-3, pp. 4-9). The plaintiff Jonathan had been ticketed for three offenses: criminal possession of a firearm, spilling loads on a highway, and an expired vehicle license. He pleaded not guilty to these offenses and went to trial in municipal court. He was found not guilty of the expired vehicle license offense but was found guilty of the other two offenses. On the criminal possession offense, the officer's ticket stated that, "Jonathan Clark had a loaded Glock handgun not encased in a container and a loaded 38 handgun within reach inside vehicle." (Dk. 7-3, p. 6). Jonathan appealed his convictions to the District Court of Johnson County, Kansas.

10

The plaintiffs attach to their response the docket sheet from the state district court proceeding and the Kansas Court of Appeals. In August of 2014, the city dismissed the count charging criminal possession of a firearm. Jonathan was subsequently convicted in district court on the charge of spilling. (Dk. 8, p. 19). Jonathan appealed, and the Kansas Court of Appeals affirmed his conviction in a per curiam unpublished opinion in October of 2015. Jonathan has petitioned the Kansas Supreme Court for review. (Dk. 8, p. 23).

To the issue whether their complaint alleges a Second Amendment violation, the plaintiffs argue the Ordinance constituted a ban on all loaded firearms being operable for immediate self-defense. They advocate for a heightened scrutiny that would not invalidate such a Ordinance as not based on any valid governmental interest for restricting the transportation of loaded firearms in this way. The plaintiffs also argue the Ordinance is unconstitutional in granting a transportation exemption for those "in possession of a current and valid License" as defined under "the Kansas Personal and Family Protection Act, pursuant to K.S.A. 75-7c01 and K.S.A. 75-7c17, to encompass the entire act and all exemptions included therein." (Dk. 7-1, p. 8). The plaintiffs contend the licensing application fee "is, in substance, a tax" which infringes "[t]he Second Amendment, which the Fourteenth Amendment makes applicable to the States." (Dk. 8, p. 11). Finally, the plaintiffs argue against dismissal at this stage based on the

11

defendant offering nothing more than an unpublished decision of the Kansas Court of Appeals[1] which offers a conclusory ruling on a Second Amendment issue.

In reply, the defendant expands its Second Amendment argument and analysis by several pages and now cites and discusses precedent from the United States Supreme Court, Tenth Circuit, and other federal courts. The defendant argues the "two-pronged approach" and analyzes the applicable Ordinance under each prong. None of these arguments, analysis, or citations can be found in the defendant's original motion and memorandum. As stated above, the court will not condone this practice of filing motions and memorandum based on vague and cursory arguments with nominal authority and then coming forth with extended analysis and authorities in a reply brief. The defendant's original motion and memorandum do not show the plaintiffs' claim as failing to state a claim for relief under current governing federal court analysis of the Second Amendment. The issues raised on this claim deserve a more complete and fairer presentation of positions and authorities.

On Jonathan's Fourth Amendment claim, the defendant understands the plaintiff to be alleging that the officer lacked lawful cause to

---

[1] Under the Rules of the Kansas Supreme Court, an unpublished opinion of Kansas Court of Appeals "is not binding precedent" and "may be cited only if the opinion . . . has persuasive value with respect to a material issue not addressed in a published opinion of a Kansas appellate court." 2015 Kan. Ct. R. Annot. Rule 7.04(g).

make the initial traffic stop and that the detention was unlawfully prolonged due to the officer's investigation and handling of the Ordinance violation for criminal possession of a firearm. The defendant argues that Jonathan's conviction on the traffic violation conclusively establishes probable cause for the initial traffic stop and that this conviction and *Heck v. Humphrey* precludes Jonathan from challenging the lawfulness of his detention under § 1983. The defendant also contends that, "Jonathan has no cause of action under the Fourth Amendment for a prolonged traffic stop because, by his own admission, the stop turned into a detention after Karlin (officer) observed Jonathan's loaded, unencased handgun in the door of Jonathan's truck." (Dk. 7, p. 10). The plaintiff concedes the defendant's argument against his Fourth Amendment claim for the initial traffic stop, but he argues his complaint does state a claim for a detention unlawfully prolonged by the officer's enforcement of the Ordinance alleged to be unconstitutional. The court does not understand the defendant's motion to have challenged the plaintiff's claim for prolonged detention as pleaded in this way.

Finally, the defendant's reply brief again raises for the first time an argument for *Younger* abstention. Pursuant to the rule cited above, the court will not address this argument.

IT IS THEREFORE ORDERED that the defendant City's motion to dismiss (Dk. 6) is granted as to the plaintiff Jonathan Clark's Fourth

13

Amendment claim for an unlawful initial traffic stop and is denied in all other respects.

Dated this 11th day of March, 2016, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge