**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JONATHAN CLARK and <br> ERIC S. CLARK, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Case No.: 15-4965-SAC |
| THE CITY OF SHAWNEE, KANSAS, | ) <br> ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the court upon defendant's motion for determination of law (ECF No. 37). The parties dispute whether defense counsel's electronic signatures on discovery requests served by e-mail comply with Fed. R. Civ. P. 26. For the reasons stated below, the court finds that they do.

On May 24, 2016, defendant served discovery requests on plaintiffs.[1] Defendant's counsel electronically signed the requests using a "/s/ Attorney Name" format and then e-mailed the requests to plaintiffs.[2] The *pro se* plaintiffs refuse to respond to the requests because plaintiffs claim that defense counsel have not properly certified the requests by signature.[3] Defendant moves for an order declaring that its discovery requests are compliant with Rule 26.[4] Plaintiffs argue that electronic signatures are only acceptable in documents electronically filed

---

[1] Def.'s Mot. for Determination of Law at 1, ECF No. 37.

[2] *See* Def.'s Reply in Supp. of Mot. for Determination of Law at 1, Exs. A–D, ECF Nos. 42-A–D (providing copies of the e-mailed discovery requests).

[3] *See* Pls.' Resp. to Def.'s Mot. for Determination of Law at 4, ECF No. 39 (stating that Defendant's counsel failed to provide "any signature at all, digital or conventional").

[4] Def.'s Mot. at 1, ECF No. 37.

with the court and may not be used as a valid signature format for unfiled documents such as discovery requests.[5]

As defendant notes, this is an issue of first impression in this court and in the Tenth Circuit.[6] Under Rule 26(g)(1), "every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name – or by the party personally, if unrepresented – and must state the signer's address, e-mail address, and telephone number." Although the Federal Rules of Civil Procedure and this district's local rules address electronic signatures on documents filed with the court, they do not address electronic signatures on discovery requests or responses served on the parties but not filed. Nevertheless, these provisions and this district's form planning report and scheduling order provide some guidance on this issue.

Under D. Kan. Rule 5.4.8(b), electronic signatures are permissible on electronically filed documents. A filing user's username and password serve as a certifying signature on all documents electronically filed with the court.[7] Attorneys or *pro se* parties filing a document conventionally must provide their "genuine signature" on the document.[8] Additionally, this district's form planning report asks the parties to consider whether they consent to electronic service of discovery requests, responses, and disclosures. As the court explained during the scheduling conference in this case, serving discovery requests and responses electronically promotes efficiency, particularly when Plaintiff Jonathan Clark has encountered difficulty

---

[5] *See* Pls.' Resp. at 3, ECF No. 39 (arguing that "/s/" is a clerical placeholder for electronically-filed documents, and is not an appropriate form of certification on unfiled documents such as discovery requests).

[6] *See* Defs.' Mem. in Supp. of Mot. for Determination of Law at 1, ECF No. 38.

[7] D. Kan. R. 5.4.8(a).

[8] D. Kan. R. 5.1(c).

receiving his mail.[9] To that end, the scheduling order in this case states that the parties consent to "electronic service of disclosures and discovery requests and responses."[10] The local rules and this district's standard forms regarding case management all reflect the consideration of efficiency in litigation. After all, Fed. R. Civ. P. 1 requires that the court and the parties construe and employ the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."

To that end, the court finds that in this case, defense counsel's electronic signatures on the discovery requests comply with the requirement of Rule 26(g). Defense counsel are registered to file electronically. The parties have consented to electronic service of discovery requests and responses. And electronic signatures on discovery requests and responses represents a common practice among attorneys admitted in this district. To require handwritten signatures under these circumstances would create an additional and unnecessary step that would slow the discovery process and would run contrary to the requirements of Rule 1.[11] Finally, and perhaps most importantly, nothing in the plain language of Rule 26(g) requires a handwritten signature, and plaintiffs have presented no authority for their refusal to respond to the discovery requests on this ground.

The court reminds all parties that Rule 1 also imposes on them the responsibility of securing the just, speedy, and inexpensive determination of this case. This is an issue that the

---

[9] *See* Motion for the Court to Take Judicial Notice, ECF No. 44 (explaining that he has provided the court with a current mailing address but that court orders are being returned as undeliverable because "the United State Postal Service has internal processes which prevent some mail form being delivered even though the correct mailing address is used").

[10] Scheduling Order at 7, ECF No. 31.

[11] *See Scott v. Palmer*, No. 1:09-CV-01329-LJO, 2014 WL 6685810, at *1, *5 (E.D. Cal. Nov. 26, 2014) (finding that a *pro se* plaintiff's preference for a handwritten signature was irrelevant, and he lacked "any legal entitlement to demand a non-electronic signature").

parties should have been capable of resolving without the need for judicial intervention. For one, plaintiffs should have timely responded to the discovery requests. But defense counsel also could have elected to comply with plaintiffs' request for handwritten signatures, which would appear to have been far less time consuming than filing a motion, thereby delaying receipt of plaintiffs' discovery responses pending a ruling.

Accordingly,

**IT IS THEREFORE ORDERED** that the defendant's Motion for Determination of Law (ECF No. 37) is granted insofar as the court deems that defense counsel's electronic signatures on the discovery requests served on May 24, 2016, comply with the signature requirement of Rule 26.

**IT IS FURTHER ORDERED** that if plaintiffs have not already done so, by July 14, 2016, they shall serve responses and/or objections to defendant's discovery requests served on May 24, 2016.

**IT IS SO ORDERED.**

Dated this 22nd day of June, 2016, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge
