IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN CLARK
and ERIC S. CLARK,

                    Plaintiffs,

          vs.                                    Case No. 15-4965-SAC

THE CITY OF SHAWNEE, KANSAS,

                    Defendant.


MEMORANDUM AND ORDER

          The plaintiffs Jonathan Clark and Eric S. Clark *pro se* have filed a

motion to review (Dk. 77) the magistrate judge's order (Dk. 71). The

plaintiffs' motion also prays that this court stay the magistrate judge's order

(Dk. 71) in the event that the magistrate judge denies their motion for stay.

The court summarily denies the plaintiffs' additional prayer as raising a

matter that is not yet ripe. The court also will not accept the plaintiffs'

practice of stacking requests for relief in their motions instead of filing

separate motions when the matters become ripe. The court will have more

to say on this later.

**BACKGROUND**

          The court must observe first the following. The proceedings

leading to this point turn on an issue that the magistrate judge rightly

described as one "that the parties should have been capable of resolving

without the need for judicial intervention" in the spirit of Fed. R. Civ. P. 1.

(Dk. 51, p. 3-4). The magistrate judge's fair and reasonable suggestion for the parties to take a more practical and cooperative approach toward discovery went unheeded. Instead of accepting the magistrate judge's sound ruling and advice on this narrow procedural issue of limited consequence, the plaintiffs continue to clog the docket with motions seeking reconsideration, a stay, and review. And all of this is being done on a matter that, under the circumstances, is no substantial justification for the plaintiff Eric Clark's failure to respond timely to the defendant's discovery requests. Indeed, the justification for the plaintiffs' continuing delay (two and one-half months) and the handful of filings to date is seriously lacking.

The magistrate judge took up the parties' "dispute whether defense counsel's electronic signatures on discovery requests served by e-mail comply with Fed. R. Civ. P. 26." (Dk. 51, p. 1). While an issue of first impression in this court, the magistrate judge looked to the federal rules, the district's form planning report, and the parties' scheduling order. Specifically, the scheduling order in this case provided that the parties consent to "electronic service of disclosures and discovery requests andr responses." (Dk. 31, p. 7, ¶ k)). Because of this agreement, the stated aims of Fed. R. Civ. P. 1, the common practice in this district, and the lack of any express requirement for a handwritten signature in Rule 26(g), the magistrate concluded that the "defense counsel's electronic signatures on the discovery requests comply with the requirement of Rule 26(g)." (Dk. 51,

p. 3). The magistrate judge also ordered that, "if plaintiffs have not already done so, by July 14, 2016, they shall serve responses and/or objections to defendant's discovery requests served on May 24, 2016." *Id.* at p. 4.

The plaintiffs then filed a motion for reconsideration or, "in the alternative, notice of objection to preserve issue and appeal." (Dk. 55). The plaintiffs argued the magistrate judge erred in not holding an evidentiary hearing and in then making certain findings of fact. The plaintiffs' challenges to the erroneous factual findings were really no more than general opposition to and denials of the magistrate judge's reading, interpretation and application of Rules 1 and 26 and the express terms of the parties' scheduling order. The magistrate judge denied the plaintiffs' motion to reconsider and also denied their motion to stay serving discovery requests due July 14, 2016, except insofar as the plaintiffs were given "to and including August 26, 2016, to comply" but were warned that "[n]o further extensions will be granted." (Dk. 71, p. 1). In denying the motion to reconsider, the magistrate judge took up each of the plaintiffs' arguments. The order noted that an evidentiary hearing was unnecessary as the issue for decision turned on the interpretation of procedural rules. The magistrate judge's order emphasized again the agreed terms of the scheduling order:

> The court entered the scheduling order after discussing the issue with the parties during the scheduling conference and obtaining the parties' agreement. At no time have plaintiffs moved to amend the scheduling order to have this statement revised. Plaintiffs may file a notice that states they are withdrawing their consent to being served with discovery papers electronically. But defendant's service of the

3

> discovery requests complies with the scheduling order. There is simply no requirement for defense counsel (rather than an assistant or paralegal) to e-mail discovery documents. Regardless, these arguments amount to additional disagreements about the events that have transpired between the parties and do not constitute a reason for the court to reverse its ruling that defense counsel's electronic signature complies with Rule 26(g)'s requirements.

(Dk. 71, p. 3). The magistrate judge found no grounds in the plaintiffs' arguments for reconsideration. Because the plaintiffs had opened their motion for reconsideration (Dk. 55) with a citation and quotation of 28 U.S.C. § 1292 and a request for "an interlocutory appeal," the magistrate judge discussed the applicable standards governing such relief and denied the plaintiffs' request.

The plaintiffs then filed a motion for stay of this order for reconsideration (Dk. 74) complaining that the magistrate judge wrongly interpreted their filing as a request for an interlocutory appeal rather than as a request for an appeal to the district court if their motion to reconsider was to be denied. (Dk. 74-1, p. 2). This motion to stay has been referred to the magistrate judge and has not been decided. The district court withdraws the reference and will decide that motion along with the pending motion for review.

**MOTION FOR REVIEW**

Rule 72 of the Federal Rules of Civil Procedure allows a party to provide specific, written objections to a magistrate judge's order. A magistrate judge's order addressing non-dispositive pretrial matters is not

reviewed *de novo*, but it is reviewed under the more deferential standard in which the moving party must show the order is "clearly erroneous or contrary to the law." *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); see Fed. R. Civ. P. 72(a).  For factual findings, the court applies the clearly erroneous standard which "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Ocelot Oil*, 847 F.2d at 1464 (citation omitted).  For legal determinations, "the Court conducts an independent review and determines whether the magistrate judge ruling is contrary to law." *In re Motor Fuel Temperature Sales Practices Litigation*, 707 F. Supp. 2d 1145, 1148 (D. Kan. 2010) (citations omitted), *interlocutory appeal dismissed*, 641 F.3d 470 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 1004 (2012). "Under this standard, the Court conducts a plenary review and may set aside the magistrate judge decision if it applied an incorrect legal standard or failed to consider an element of the applicable standard." *Id*.

The plaintiffs in their fifteen-page brief advance what they label as "three primary objections" and four "secondary objections." (Dk. 77-1). None of the objections come close to showing a finding that is clear error or a legal determination that is contrary to the law. For that reason, the court will be brief in its ruling.

The plaintiffs' first primary objection is that the magistrate judge erroneously construed their motion to reconsider to be requesting an interlocutory appeal rather than seeking review by the district court. The plaintiffs have failed to show any error in the magistrate judge's reading and interpretation of their filing. As already noted above, the plaintiffs are filing motions that improperly stack relief and include requests for relief that are premature. More importantly, the plaintiffs have shown no prejudice from the magistrate judge's interpretation of their filing, as they retained and exercised their right to file the current motion for review. Any arguable prejudice from not receiving the district court's review of the magistrate judge's order of June 22, 2016, (Dk. 51), is moot for the following reason. In deciding the plaintiffs' pending motions, the district court has conducted its own review of the magistrate judge's order (Dk. 51) and considered the plaintiffs' objections to it. The court finds no merit to any of the plaintiffs' objections and concludes there is no error of fact or law in the magistrate judge's order.

The plaintiffs' second primary objection is that the magistrate judge ruled upon their motion for a protective order to stay certain discovery requests (Dk. 64) before the time for filing their reply had expired. While it may be good practice to wait for a reply before ruling, a court need not delay reaching a decision until the filing period for a reply has passed. *See Pawnee Petroleum Prods., LLC v. Crawford*, No. 01–1314–WEB, 2003 U.S.

6

Dist. LEXIS 12164, at *6 n. 1 (D.Kan. Apr. 18, 2003)("While the time for filing the reply has not yet expired, the court believes the issues raised in the motion and response have been adequately briefed and the court need not wait for a reply prior to issuing its ruling."). Because the court's local rules only permit and do not require reply briefs, D. Kan. Rule 7.1(c), a court has the discretion to rule "before the filing of a reply brief." *See Walter v. Morton*, 33 F.3d 1240, 1244 (10th Cir. 1994). The magistrate judge did not err as a matter of law in deciding the plaintiff's motion without waiting for a reply brief. The magistrate judge acted well within his reasonable discretion to decide this motion promptly in light of the insubstantial arguments in the motion.

The plaintiffs' third primary objection is that the magistrate judge erred in denying their request for reconsideration and in then setting a new discovery deadline which was not a topic raised in their motion. The magistrate judge is the judicial officer assigned to supervise discovery in this case, and he acted well within his authority in *sua sponte* setting a discovery deadline impacted by his ruling on the pending motions. The plaintiffs present no plausible arguments for prejudice from these new deadlines which were intended to and did benefit them. The record is quite plain that the defendant's discovery requests to the plaintiff Eric Clark were served on May 24, 2016, and the magistrate judge has twice extended them, first to July 14, 2016, and then to August 26, 2016. According to the defendant's

7

response filed August 29, 2016, (Dk. 80), the plaintiff Eric Clark has yet to provide his discovery responses now two and one-half months after their original due date. Mr. Clark has left the court with no choice but to impose a strict deadline and to have it enforced accordingly. The court will give Eric Clark ten days from the filing date of this order to serve responses and/or objections to defendant's discovery requests served on May 24, 2016. No extensions will be granted.

As for secondary objections, the plaintiffs first contend that they have never consented to accept service by electronic means. The magistrate judge rightly and reasonably interpreted the scheduling order as showing the parties' agreement and found that the specific discovery requests at issue complied with the scheduling order. The order states: "The parties consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3." (Dk. 31, p. 7). The plaintiffs' arguments do not show that this provision in the scheduling order was a mistake. The record in this regard does not leave the court with the definite and firm conviction that a mistake has been committed. There is nothing in the local rules that require the plaintiffs to give written consent before this term could be included in the scheduling order pursuant to the parties' expressed agreement and understanding before the magistrate judge. The plaintiffs' other secondary objections are unconvincing efforts to overturn the plain terms of the scheduling order. The court summarily

8

rejects them as untenable. Finally, the court has already addressed the magistrate judge's full and discretionary authority to set new discovery deadlines when the former ones have been impacted by a ruling. The court will do the same in this order.

IT IS THEREFORE ORDERED that the plaintiffs' motion to review (Dk. 77) and motion for stay (Dk. 74) are denied;

IT IS FURTHER ORDERED that the plaintiff Eric Clark will have ten days from the filing date of this order or until September 22, 2016, to serve his responses and/or objections to the defendant's discovery requests served on May 24, 2016. This deadline will not be extended upon the filing of any motion or request with this court.

Dated this 12th day of September, 2016, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge