IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN CLARK
and ERIC S. CLARK,
                Plaintiffs,

vs.                                         Case No. 15-4965-SAC

THE CITY OF SHAWNEE, KANSAS,
                Defendant.

MEMORANDUM AND ORDER

This action culminated in the court's order filed January 5, 2017, which, in part, granted the summary judgment motion filed by the defendant, the City of Shawnee, Kansas, ("City"), and also directed the clerk of the court to "enter judgment for the defendant City." (Dk. 140). In compliance with the court's order and with Fed. R. Civ. P. 54(d)(1) and 58(b), the clerk of the court entered on the same day a judgment that stated the defendant's motion for summary judgment was granted and that "further ordered and adjudged that the plaintiffs recover nothing, the action be dismissed, and the defendant, City of Shawnee, Kansas, recover costs from the plaintiffs, Jonathan Clark and Eric S. Clark." (Dk. 141). The clerk's judgment correctly reflects what Fed. R. Civ. P. 54(d)(1) requires, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The clerk's judgment allows for costs only and does not address attorney's fees.

The next day, January 6, 2017, the defendant City filed a bill of costs that included a line item for "attorneys' fees under 42 U.S.C. § 1988" in the amount of $32,517.50. (Dk. 142). This inclusion of attorneys' fees on its bill of costs contradicts the plain terms of D. Kan. Rule 54.1 which requires a party to "file a bill of costs on a form provided by the clerk." The clerk's form has no line item for attorneys' fees. See D. Kan. website and link to AO Form 133. The reason for this is plain. The rules of this court require any claim for attorneys' fees to be made by separate motion. *See* Fed. R. Civ. P. 54(d)(2) and D. Kan. Rule 54.2. On January 19, 2017, the defendant City filed a response admitting it had improperly included attorneys' fees as an item on the bill of costs. (Dk. 146). The City also has now filed a separate motion for attorneys' fees under 42 U.S.C. § 1988. (Dk 147). Thus, the clerk of the court in considering the bill of costs shall disregard the defendant's line item for attorneys' fees.

On January 12, 2017, the plaintiffs filed a motion asking the court to review the judgment and order its correction by deleting costs and fees. (Dk. 143). The court has reviewed the judgment and finds no error in it. The judgment correctly imposes costs consistent with this court's order and with the rules of the court. The defendant City's motion for attorneys' fees is now filed with the court, and the parties will be expected to comply fully with requirements of D. Kan. Rule 54.2 and Fed. R. Civ. P. 54(d)(2).

IT IS THEREFORE ORDERED that the plaintiffs' motion for review (Dk. 143) is denied, but that the clerk of the court in considering the bill of costs shall disregard the defendant's line item for attorneys' fees.

Dated this 20th day of January, 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge