IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN CLARK
and ERIC S. CLARK,

                         Plaintiffs,

        vs.                                          Case No. 15-4965-SAC

THE CITY OF SHAWNEE, KANSAS,

                         Defendant.

MEMORANDUM AND ORDER

Upon the court granting the defendant's motion for summary judgment, (Dk. 140), the clerk entered on January 5, 2017, judgment for the defendant City of Shawnee, Kansas ("City") and against the plaintiffs, Jonathan Clark and Eric S. Clark, in this civil rights action. (Dk. 141). The City filed a motion for attorney fees on January 19, 2017 (Dk. 147), and the plaintiffs filed a motion for additional findings (Dk. 156). This order addresses these two pending motions in reverse order.

**MOTION FOR ADDITIONAL FILINGS (Dk. 156)**.

Citing Fed. R. Civ. P. 52(b), the plaintiffs move the court to make two additional findings of fact. The first requested finding is that the City's regulation "appears calculated to incite members of the responsible law-abiding public to obtain a license to carry concealed weapons and to incite the public to view concealed carry of weapons as being a noble defense without any tendency to secret advantages." (Dk. 156-1, p. 1). The

second requested finding is that "the evidence before the court showed that carrying of all visible firearms in all vehicles, including rifles mounted in the back window of pickup trucks on one's own private estate, present a level of concern that such conduct may create untoward and unseemly circumstances that go beyond self-defense." *Id*. The plaintiffs' motion and memorandum fail to provide any legal or factual support for their request. (Dk. 156-1). The plaintiffs' motion does not address the standards governing relief under Fed. R. Civ. P. 52(b). *See May v. Kansas*, 2013 WL 6669093 at *1 (D. Kan. Dec. 18, 2013)("'A motion made pursuant to Rule 52(b) will only be granted when the moving party can show either manifest errors of law or fact, or newly discovered evidence; it is not an opportunity for parties to relitigate old issues or to advance new theories.' *Myers v. Dolgencorp, Inc.*, 2006 WL 839458, *1 (D. Kan. 2006)(citing 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2582 (2d ed.1995)").  The defendant opposes the motion as legally and factually deficient. In reply, the plaintiffs offer for the first time their arguments. "The general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011). The plaintiffs have waived their arguments, and their motion is summarily denied for failing to provide any legal or factual basis in support of the relief requested.

**DEFENDANT'S MOTION FOR ATTORNEY FEES (Dk. 147)**

The defendant City filed this motion with a supporting

memorandum on January 19, 2017, which was within the required 14 days

of the clerk's entry of judgment for the City and against the plaintiffs. (Dks.

147 and 148). The City's motion seeks attorneys' fees pursuant to Fed. R.

Civ. P. 54(d)(2) and 42 U.S.C. § 1988 and pursuant to the judgment entered

upon the court's summary judgment decision. The defendant's motion

complies with Rule 54(d)(2)(B).

The next day, the City promptly filed an amended memorandum

that explained:

> AMENDMENT:  This Memorandum in Support has been amended to
> include time records that were inadvertently omitted from the original
> Memorandum in Support, as well as to include a Statement of
> Consultation. The remainder of this Memorandum has not been
> altered, except to include the total amount requested and the
> assertion that the time entries are reasonable, necessary, and
> attached.

(Dk. 150, p. 1). The plaintiffs challenge the timeliness and propriety of this

amended memorandum. The defendant's amended filing was not untimely.

The court's local rule excepts a Rule 54(d)(2) movant from D. Kan. Rule

7.1(a) and permits the supporting memorandum to be filed later than the

motion. D. Kan. Rule 54(e). The additional time contemplated by this local

rule gives the movant the opportunity to support its filing with time records,

affidavits and evidence. The City's amended filing here included the

counsels' time records and brought the City's briefing into compliance with

the court's rules. The delayed filing did not arguably prejudice the plaintiffs

3

in filing their response on January 24, 2017.  The City's amended memorandum complies with the letter and spirit of D. Kan. Rule 54(e).

Under 42 U.S.C. § 1988(b), a court may award attorney fees to the prevailing party in a civil rights case, including a case brought under 42 U.S.C. § 1983. *See Fox v. Vice*, 563 U.S. 826, 832-33 (2011). When the prevailing party is the defendant, the Supreme Court has applied a standard that is consistent with the "'quite different equitable considerations' at stake." *Fox*, 563 U.S. at 833 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 419 (1978)). Because "Congress sought 'to protect defendants from burdensome litigation having no legal or factual basis,'" the Court held that "'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation,'" an attorney fee award for a defendant was authorized. *Id.* (quoting *Christiansburg*, 434 U.S. at 420-21); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983) (noting that defendants are entitled to fees under § 1988 "only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant"). In *Christianburg*, the Court emphasized:

> Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable or groundless or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense.

434 U.S. at 422. "These standards are meant to deter the filing of frivolous lawsuits without discouraging the plaintiffs from pursuing meritorious ones." *Hughes v. Unified School Dist. No. 330*, 872 F. Supp. 882, 889 (D. Kan. 1994) (citing *Eichman v. Linden & Sons, Inc.*, 752 F.2d 1246, 1248 (7th Cir. 1985)).

"A frivolous suit is one 'based on an indisputably meritless legal theory, . . . or whose factual contentions are clearly baseless." *Thorpe v. Ancell*, 367 Fed. Appx. 914, 919 (10th Cir. Feb. 26, 2010) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). This does not mean that a defendant's fee award requires a finding that the suit was "'brought in subjective bad faith.'" *Thorpe*, 367 Fed. Appx. at 919 (quoting *Christiansburg*, 434 U.S. at 421). "'A defendant can recover if the plaintiff violates this standard *at any point during the litigation*, not just as its inception.'" *Thorpe*, 367 Fed. Appx. at 919 (quoting *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007)). In *Fox*, the Supreme Court recognized fee awards for only those frivolous claims:

> Analogous principles indicate that a defendant may deserve fees even if not all the plaintiff's claims were frivolous. In this context, § 1988 serves to relieve a defendant of expenses attributable to frivolous charges. The plaintiff acted wrongly in leveling such allegations, and the court may shift to him the reasonable costs that those claims imposed on his adversary. *See Christiansburg*, 434 U.S., at 420–421, 98 S.Ct. 694. That remains true when the plaintiff's suit also includes non-frivolous claims. The defendant, of course, is not entitled to any fees arising from these non-frivolous charges. *See ibid*. But the presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed.

*Fox v. Vice*, 563 U.S. at 834.

As the Tenth Circuit has observed, "[t]his is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1203 (10th Cir. 2000) (citing *Clajon Production Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995)); *see Utah Animal Rights Coalition v. Salt Lake County*, 566 F.3d 1236, 1245 (10th Cir. 2009) ("This is a high bar for a prevailing defendant to meet."); *E.E.O.C. v. TriCore Reference Laboratories*, 493 Fed. Appx. 955, 961, 2012 WL 3518580 (10th Cir. Aug. 16, 2012)("Only in the rare case will this difficult standard be met."). "The dismissal of claims at the summary judgment stage does not automatically meet this stringent standard." *Mitchell*, 218 F.3d at 1203 (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1513 (10th Cir. 1995)). "In determining if a claim is frivolous, unreasonable, or without foundation, a district court must not use *post hoc* reasoning to conclude that because the plaintiff did not prevail fees are warranted." *E.E.O.C. v. TriCore Reference*, 493 Fed. Appx. at 961. The Tenth Circuit has said that a "district court should consider the pro se plaintiff's ability to recognize the objective merit of his or her claim." *Houston v. Norton*, 215 F.3d 1172, 1175 (10th Cir. 2000). In his discussion of Tenth Circuit precedent, Judge Lungstrum noted the Tenth Circuit's holding in *Thorpe*:

On the other hand, in *Thorpe v. Ancell*, attorney's fees were awarded to defendants where the district court concluded that plaintiffs' claims were not only frivolous, but also the factual allegations in their complaint were fantastic" and improperly "concocted" to be publicized in judicial proceedings. 367 F. App'x 914, 924. The plaintiffs had played "fast and loose" with the record in supporting their arguments to the point that their assertions were contradicted by the undisputed facts. *Id*. Furthermore, the plaintiffs refused to concede their claims were frivolous but, instead, filed pages of documents irrelevant to the case in an attempt to discredit the defendants. *Id*. Awarding fees in such a case, according to the district court, provided some compensation to defendants for costs incurred in defending the suit and also deterred plaintiffs from filing "patently frivolous and groundless suits." *Id*.

*McGregor v. Shane's Bail Bonds*, 2010 WL 4622184, at *2 (D. Kan. Nov. 4, 2010).

In deciding whether the plaintiffs' claims were frivolous, unreasonable or groundless, the court must review their merits in light of its rulings while keeping in mind the plaintiffs' ability to recognize the objective merit of their claims. The defendant City argues the most obvious of the groundless claims is Eric Clark's Second Amendment claim. The district court eventually granted summary judgment for the City and found that Eric Clark did not have standing to bring his claim. (Dk. 140, pp. 5-14). The defendant City filed a motion to dismiss early in this case which challenged Eric Clark's standing. (Dk. 6). The court denied the City's motion, because the complaint facially alleged "an actual injury-in-fact for Eric Clark" and because the defendant had failed "to present a timely and meritorious argument for dismissal based on standing." (Dk. 16, p. 8). Later, the district court denied the plaintiffs' motion for summary judgment on standing and noted that the

7

defendants had "summarily briefed" this issue in their motion to dismiss. (Dk. 26, p. 3). In that order, the district court also laid out for the parties the controlling legal analyses and pointed out the serious factual and legal hurdles that faced Eric Clark. In the parties' subsequent cross motions for summary judgment, they fully presented their legal arguments along with Eric Clark's testimony explaining his alleged injuries and the asserted chilling impact from the challenged ordinance. Eric Clark presented a unique standing theory arguing that "he actually experienced 'a credible imminent threat' of arrest during the relevant period and that this restrained him from exercising his Second Amendment right." (Dk. 140, p. 10). The court addressed this theory at length and concluded that the facts did not support a sufficient imminent threat for standing. While Eric Clark's standing theory became most apparent and understandable at this stage in the litigation, as did its lack of legal and factual merit, the court concludes this claim does not warrant a fee award. This is not one of those "rare cases" in which a *pro se* plaintiff would necessarily recognize the fallacies in his standing theory. For that matter, the defendant's briefing of this issue failed to address Eric Clark's particular standing theory. (Dk. 140, p. 11). The court does not find that Eric Clark's presentation of this standing claim shows that he necessarily understood his theory to be indisputably meritless and his factual allegations to be clearly insufficient and baseless. Thus, the court concludes that the granting of attorney's fees is not warranted on Eric Clark's claim.

8

The court reaches the same conclusion as to the merits of the plaintiffs' Second Amendment challenge to the municipal ordinance. The defendant is right that the plaintiffs pushed the bounds of reasonableness in fashioning some of their facial challenges and in arguing the ordinance's impact on firearm possession in the home. Nonetheless, the plaintiffs' claims presented substantive legal issues surrounding unsettled constitutional questions that required serious analysis to decide them. The court rejects the defendant's position that the plaintiffs' Second Amendment claims were frivolous and unreasonable. Finally, the defendant points to the plaintiffs having acted in bad faith during the litigation of this case. The plaintiffs filed excessive pleadings and repeatedly advanced unreasonable arguments in challenging the defendant's counsel's digital signature on discovery requests. Such conduct would have been worthy grounds for a sanctions motion during discovery. This circumstance, however, in this court's discretion, is not so weighty as to transform this into a rare case justifying an award of defendant's attorney's fees. In reaching this decision, the court carefully reviewed the claims and evidence contained in the record, as well as the parties' arguments, and is convinced that attorney's fees should not be awarded against the Clarks.

IT IS THEREFORE ORDERED that the plaintiffs' motion for additional filings (Dk. 156) is denied;

9

10

IT IS FURTHER ORDERED that the defendant City's motion for attorney fees (Dk. 147) is denied.

Dated this 22nd day of February, 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge