IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN CLARK
and ERIC S. CLARK,
                Plaintiffs,

vs.                                          Case No. 15-4965-SAC

THE CITY OF SHAWNEE, KANSAS,

                Defendant.

MEMORANDUM AND ORDER

The clerk of the court entered judgment in this action on January 5, 2017, which complied with the court's summary judgment order and with Fed. R. Civ. P. 54(d)(1) and 58(b), in that it "further ordered and adjudged that the plaintiffs recover nothing, the action be dismissed, and the defendant, City of Shawnee, Kansas, recover costs from the plaintiffs, Jonathan Clark and Eric S. Clark." (ECF# 141). The defendant City filed the next day a bill of costs that included a line item for "attorneys' fees under 42 U.S.C. § 1988" in the amount of $32,517.50." ECF# 142. The court subsequently ordered the clerk in the taxation of costs to disregard the request for attorney's fees as improperly included in the bill. ECF# 149. By text entry on the docket sheet, the defendant was instructed to submit a revised bill of costs for the remaining costs, and this was done (ECF## 151 and 152). The amended bill of costs seeks a total of $509.25. *Id.*

The plaintiffs filed a notice of appeal on February 28, 2017, (ECF# 161), and the Tenth Circuit filed its order and judgment on September 1, 2017, dismissing the appeal for want of jurisdiction (ECF# 165). Having received notice that the clerk of the court intends to tax costs on December 13, 2017, the plaintiffs now move the court to stay taxation of costs until their calculated time for filing a writ of certiorari with United States Supreme Court expires or until the Supreme Court finally acts upon their initiated proceedings there. ECF# 166.

According to Fed. R. Civ. P. 62(d), an appellant may obtain by a supersedeas bond a stay of execution upon district court's judgment. This court has recognized:

> "Fed.R.Civ.P. 62(d) allows for a stay pending appeal if the appellant files a supersedeas bond. The stay is a matter of right." *United States v. Wylie*, 730 F.2d 1401, 1402, n. 2 (11th Cir. 1984). The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interest, costs, and damages for delay. It is incumbent upon the moving party to objectively demonstrate good cause for any departure from this general rule. *Poplar Grove, Etc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979). D.Kan. Rule 221 [now D. Kan. Rule 62.1] provides that "a supersedeas bond staying execution of a money judgment shall, unless the court otherwise directs, be in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay." District courts have inherent discretionary authority in setting supersedeas bonds. *Miami Intern. Realty Co. v. Paynter*, 807 F.2d 871 (10th Cir. 1986). Fed.R.Civ.P. 62 has been construed to apply to nonmonetary judgments as well as monetary judgements. *See, e.g., J. Perez & Cia., Inc. v. United States*, 578 F.Supp. 1318, 1320 (D.P.R.1984), aff'd on other grounds, 747 F.2d 813 (1st Cir.1984).

*Metz v. United States*, 130 F.R.D. 458, 459 (D. Kan. 1990); *see Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006) ("Federal Rule of Civil

2

Procedure 62(d) allows a stay of a judgment effective upon a district court's approval of a supersedeas bond. The bond secures the judgment against insolvency of the judgment debtor and is usually for the full amount of the judgment, though the district court has discretion in setting the amount."). The court concludes that the plaintiffs' conclusory affidavits stating that the imposition of costs prior to February of 2018 "would be a financial hardship" are insufficient to meet the plaintiffs' burden of objectively demonstrating good cause. There is nothing in the record of this case to demonstrate objectively how the amount of costs in contention would cause a financial hardship on the plaintiffs as to be good cause for departing from the general rule requiring a supersedeas bond in the full amount. Thus, the court will grant the plaintiffs' motion to stay on the condition that a supersedeas bond in the amount of $509.25 is posted no later than December 12, 2017. If the required bond is not timely posted, the clerk may proceed with the taxation of costs on December 13, 2017.

IT IS THEREFORE ORDERED that the plaintiffs' motion to stay taxation of costs (ECF# 166) is granted in part on the condition that they post a supersedeas bond pursuant to Fed. R. Civ. P. 62(d) and D. Kan. Rule 62.2 in the full amount of the amended bill of costs no later than December 12, 2017. If the required bond is not posted by that date, the clerk of the court is not stayed from executing the taxation of costs pursuant to Fed. R. Civ. P. 54(d) and D. Kan. Rule 54.1 on December 13, 2017, or after.

Dated this 6th day of December, 2017, Topeka, Kansas.

        s/Sam A. Crow
        Sam A. Crow, U.S. District Senior Judge